IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ZACHARY MULLER, | CASE NO. 1:25 CV 2284 |
| Plaintiff, | JUDGE DAVID A. RUIZ |
| v. | |
| CUYAHOGA COUNTY COURT OF COMMON PLEAS, *et al.*, | OPINION AND ORDER |
| Defendants. | |

### Introduction

*Pro se* Plaintiff Zachary Muller has filed a non-prisoner civil rights complaint in this case under 42 U.S.C. § 1983 against the Cuyahoga County Court of Common Pleas and Common Pleas Judge Antonio S. Nicholson.  (R. 1.)  Although complaint (R. 1) and supplement (R. 3) do not set forth clear specific allegations, he contends his rights were violated in a state criminal case.  *See State of Ohio v. Zachary Muller*, No. CR-24-695145 (Cuy. Cty. Ct. of Comm. Pls.).  He claims the "judge of the state" improperly applied law and abused power to retaliate against him.  (Doc. No. 1 at 4, ¶ I.D.)  He challenges rulings in his criminal case and his sentence, and he seeks damages for relief.  (*Id*. at 5, ¶ V.)

Although Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is granted, Plaintiff's complaint is dismissed for the following reasons.

### Standard of Review and Discussion

Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to review all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such

1

action that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a complaint must set forth sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard established in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissals for failure to state a claim under § 1915(e)(2)(B)).

Upon review, Plaintiff's complaint warrants dismissal in accordance with § 1915(e)(2)(B).

Plaintiff's Complaint names the Cuyahoga County Court of Common Pleas as a defendant. Ohio courts are not *sui juris*, meaning a court is not a legal entity capable of being sued under §1983. *See Evans v. Cordray*, No. 2:09–cv–587, 2012 WL 1021698 (S.D. Ohio Mar. 26, 2012; *Moore v. Cuyahoga Cnty.*, No. 1:16 cv 3068, 2017 WL 9486440, at *3 (N.D. Ohio July 27, 2017). Accordingly, Plaintiff has no plausible damages claim under § 1983 against the Cuyahoga County Court of Common Pleas.

And it well-established that judges enjoy absolute immunity from suits for money damages on claims arising out of the performance of their judicial functions. *Mireles v. Waco*, 502 U.S. 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111,1115 (6th Cir. 1997). Absolute immunity may be overcome in only two situations: for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity, and actions taken in complete absence of all jurisdiction. *Id.* at 1115-1116. An act is non-judicial if it is one not normally performed by a judicial officer or if the parties did not deal with the judge in his official capacity. A judge acts in the clear absence of all jurisdiction if the matter upon which she acts is clearly outside the subject matter jurisdiction of the court over

which she presides. *King v. Love*, 766 F.2d 962, 965-66 (6th Cir. 1985). Nothing in Plaintiff's complaint suggests he complains of actions taken by Judge Nicholson in a non-judicial capacity, or in the complete absence of all jurisdiction. To the contrary, Plaintiff complains of the Judge's rulings and actions during a criminal case—rulings and actions to which the Judge is absolutely immune from a damages suit.

Finally, Plaintiff's complaint requires dismissal for the additional reason—it alleges no cognizable claim under the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must first "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. 486-87. Under *Heck*'s favorable termination rule, if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," a court must dismiss the claim "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. at 487.

Here, Plaintiff's claims necessarily imply the invalidity of his state sentence, but he has not alleged or demonstrated that his sentence has been invalidated or called into question in any manner articulated by *Heck*. Accordingly, the complaint warrants dismissal for failure to state a claim in accordance with *Heck*. *See, e.g., Hunt v. Michigan*, 482 F. App'x 20 (6th Cir. 2012) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Bracey v. McNamara*, No. 3: 23-cv-1223, 2024 WL 580968, at *2 (N.D. Ohio Feb. 13, 2024) ("Because neither his conviction

nor his sentence has been called into question or invalidated in any of the ways articulated in *Heck*, any federal civil rights claim Bracey asserts in his complaint must be dismissed.").

## Conclusion

Plaintiff's complaint is dismissed pursuant to § 1915(e)(2)(B), for the foregoing reasons. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: January 27, 2026

*David A. Ruiz*
DAVID A. RUIZ
UNITED STATES DISTRICT JUDGE